Scott R. Baker, Esq., Robert E. Hurlbett, Esq., Pinsker & Hurlbett, Santa Barbara, CA, for Appellant.

James F. George, III, Atascadero, CA, pro se.

Margie R. George, Atascadero, CA, pro se.

Before: KOZINSKI, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM *

The bankruptcy court did not err in refusing to permit Shiflett–Kann to attack collaterally the November 1998 state court order dismissing her action as barred under the five-year rule of CAL.CODE CIV. PROC. §§ 583.310 & 583.360 (Deering 1999). The state court's decision was neither a modification nor a violation of the automatic stay, see Gruntz v. County of Los Ange-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

les (In re Gruntz), 202 F.3d 1074, 1084 (9th Cir.2000), and the state court decision in no way implicated the core administrative functions or integrity of the uniform federal bankruptcy system, see id. at 1083–84. Rather, the bankruptcy court affirmatively authorized the state court action by lifting the automatic stay. See McGhan v. Rutz (In re McGhan), 288 F.3d 1172, 1179 n. 8 (9th Cir.2002); Gruntz, 202 F.3d at 1084. In such circumstances, "a valid state court judgment cannot be enjoined or otherwise upset by a federal court on grounds that would not be available in the state court," In re Highway Truck Drivers & Helpers Local Union # 107, 888 F.2d 293, 299 (3rd Cir.1989); see also 28 U.S.C. § 1738, and Shiflett–Kann neglected to pursue timely relief in the state appellate courts, which stood ready to correct any error.

**AFFIRMED.**

**Tuan Nasireen Nizam SAMDEEN; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73836.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 2004.

Decided March 19, 2004.

---

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Judith L. Wood, Esq., Jesse A. Moorman, Esq., The Human Rights Project, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Marion E. Guyton, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before: NOONAN and KLEINFELD, Circuit Judges, and WHITE,* District Judge.

## MEMORANDUM **

Because we review the BIA decision for substantial evidence, petitioners must show that the record compels the conclusion that they are eligible for asylum.[1] They have failed to meet this burden. They have not shown that the abuse they suffered came at the hands of "the government or forces the government is either unable or unwilling to control."[2] They have also not demonstrated that all reasonable factfinders would conclude that the abuse they suffered rose to the level of persecution or gave rise to a well-founded fear of future persecution.[3] Thus, the BIA determination that they are not eligible for asylum is supported by substantial evidence.

Because they have not shown a well-founded fear of future persecution, petitioners are necessarily ineligible for withholding of removal, which requires the higher showing that future persecution is more likely than not.[4]

Petitioners appear to have abandoned their Convention Against Torture claim. In any event, that claim fails, since they have not met their burden of showing "that it is more likely than not that [they] would be tortured if removed to the proposed country of removal."[5]

**PETITION FOR REVIEW DENIED.**

NOONAN, Circuit Judge, dissenting.

I respectfully dissent.

---

* The Honorable Jeffrey S. White, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).

2. Ernesto Navas v. INS, 217 F.3d 646, 656 (9th Cir.2000).

